1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

12

TQM FOOD SERVICES, INC., a
California corporation,

CASE NO. 3:15-cv-1600-H
(DHB)

13

Plaintiff,

**(1) ORDER GRANTING
PLAINTIFF'S MOTION FOR
TEMPORARY
RESTRAINING ORDER;**

14

vs.

15

16

17

18

FREEDOM MARKET, INC., a
California corporation dba Somos
Tacos & Atomic Wings; SALEM
SOMO, an individual; and
FEDDWON SOMO, an individual,

**(2) ORDER TO SHOW
CAUSE WHY
PRELIMINARY
INJUNCTION SHOULD NOT
ISSUE;**

19

20

**(3) SCHEDULING
PRELIMINARY
INJUNCTION HEARING**

21

Defendants.

[Doc. No. 2]

22

23

24

25

26

27

On July 20, 2015, Plaintiff TQM Food Services, Inc. ("Plaintiff") filed a complaint against Defendants Freedom Market, Inc., Salem Somo, and Feddwon Somo (collectively, "Defendants"), alleging violations of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(5). (Doc. No. 1.) Also on July 20, 2015, Plaintiff filed a motion for a temporary restraining order. (Doc. No. 2.) The Court ordered Plaintiff to serve Defendants with a copy of the complaint, a copy of the

28

motion for a temporary restraining order, and a copy of this order no later than July 21, 2015 at 12:00 p.m. (Doc. No. 4.) Defendants did not file an opposition. The Court held a hearing on Plaintiff's motion on July 24, 2015 at 10:30 a.m. in Courtroom 15A. Attorney Mitch Wallis appeared for Plaintiff. Defendants did not appear. For the reasons that follow, the Court grants Plaintiff's motion for a temporary restraining order. The Court also orders Defendants to show cause by July 31, 2015 why a preliminary injunction should not issue and schedules a preliminary injunction hearing for August 11, 2015 at 10:30 a.m. in Courtroom 15A.

## **Background**

According to the complaint, Plaintiff is a company that buys and sells wholesale quantities of perishable agricultural commodities. (Doc. No. 1 at ¶ 1.) Plaintiff states that was licensed as a dealer under PACA at all relevant times. (Id.) Plaintiff alleges that Defendants Salem and Feddwon Somo are shareholders and officers of Freedom Market, Inc. ("Somos"), a business that buys wholesale quantities of produce in interstate commerce and is subject to PACA. (Id. at ¶ 2.) Plaintiff alleges that Defendants had control over PACA trust assets belonging to Plaintiff. (Id.)

Plaintiff states that it delivered $5,005.04 worth of perishable agricultural commodities to Defendants between December 3, 2014 and December 8, 2014. (Id. at ¶¶ 1, 4.) Plaintiff alleges that it sent invoices containing the language required by 7 U.S.C. § 499e(c)(4) to Defendants. (Doc. No. 2-1 at 4-5.) According to Plaintiff, Defendants do not dispute the debt but have failed to repay Plaintiff. (Doc. No. 1 at ¶¶ 8, 9.) Plaintiff also alleges that Defendants told Plaintiff that they lacked sufficient funds to pay the debt. (Id. at ¶ 9.)

Plaintiff asks the Court to issue a temporary restraining order against Defendants pursuant to Rule 65 of the Federal Rules of Civil Procedure. (Doc. No. 2 at 1.) Specifically, Plaintiff asks the Court to restrain the transfer of and direct to Plaintiff any and all of Defendants' assets, not to exceed $5,005.04 plus interest, costs, and attorney fees. 7 U.S.C. § 499e(c). (Id.; Doc. No. 2-1 at 1.)

**Discussion**

**I.    Legal Standards**

PACA provides for the creation of a statutory trust "in which a produce dealer holds produce-related assets as a fiduciary until full payment is made to the produce seller."  Bowlin & Son, Inc. v. San Joaquin Food Serv. (In re San Joaquin Food Serv., Inc.), 958 F.2d 938, 939 (9th Cir. 1992).  "The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received.  C&E Enters., Inc. v. Milton Poulos, Inc. (In re Milton Poulos, Inc.), 947 F.2d 1351, 1352 (9th Cir. 1991).

Plaintiff requests a temporary restraining order to preserve PACA trust assets. (Doc. No. 2.)  The standard for a temporary restraining order is "substantially identical" to the standard for granting a preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001).  A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008); accord Earth Island Inst. v. Carlton, 626 F.3d 462, 469 (9th Cir. 2010).  A party seeking preliminary relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter, 555 U.S. at 20.  In the Ninth Circuit, the court may apply a sliding scale test, under which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011); see also id. at 1132 ("The serious questions approach survives the Winter decision when applied as part of the four-element Winter test.").

//

## II.     Analysis

### A.     Likelihood of Success on the Merits

Plaintiff has shown that it is likely to succeed on the merits of its PACA claim. Winter, 555 U.S. at 20.   PACA applies to "perishable agricultural commodit[ies]," defined as "[f]resh fruits and fresh vegetables of every kind and character." 7 U.S.C. § 499a(b)(4).  Plaintiff states that it is a licensed dealer under PACA and sells wholesale quantities of perishable agricultural commodities. (Doc. No. 1 at ¶ 1.)  Moreover, the PACA trust provisions create a remedy for a produce dealer if a purchaser fails to pay for certain perishable goods. 7 U.S.C. § 499e(c).  Plaintiff states that it sent perishable agricultural commodities worth $5,005.04 to Defendants between December 3 and December 8, 2014, and alleges that Defendants have failed to pay. (Id. at ¶¶ 1, 4, 8, 9; Doc. No. 2-1 at 2.)  Finally, the trust provisions of PACA provide that an unpaid, licensed supplier can preserve the benefits of the trust if it uses its ordinary invoice statements to give notice of its intent to preserve the trust.[1]  7 U.S.C. § 499e(c)(4). Plaintiff states that it preserved an interest in the PACA trust by sending invoices to Defendants with the requisite language. (Doc. No. 1 at ¶ 7; Doc. No. 2-1 at 4-5.)  For these reasons, Plaintiff has shown a likelihood of success on the merits.  Winter, 555 U.S. at 20.

### B.     Likelihood of Irreparable Harm

Plaintiff has also shown that it is likely to suffer irreparable harm in the absence of a temporary restraining order.  Winter, 555 U.S. at 20.  "A showing of threatened trust dissipation amounts to a showing of a possibility of irreparable injury."  Rey Rey Produce SFO, Inc. v. Mis Amigos Meat Market, Inc., 2008 WL 1885738 (N.D. Cal. Apr. 24, 2008).  "[O]nce the PACA trust is dissipated, it is almost impossible for a

---

[1]The invoice must contain the following statement: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."  7 U.S.C. § 499e(c)(4).

beneficiary to obtain recovery." <u>Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.</u>, 222 F.3d 132, 139 (3d Cir. 2000) (citation omitted).  Plaintiff alleges that Defendants have failed to pay their debt and have told Plaintiff that they lack sufficient funds to pay. (Doc. No. 1 at ¶ 9; Doc. No. 2-1 at 4.)  Therefore, Plaintiff has shown a likelihood of irreparable harm.  <u>Winter</u>, 555 U.S. at 20.

### C.    Balance of the Equities and the Public Interest

The record does not indicate that Defendants will suffer harm if the temporary restraining order issues.  <u>Winter</u>, 555 U.S. at 20.  Instead, they would only be required to fulfill their repayment obligations.  <u>Tanimura</u>, 222 F.3d at 140.  Further, issuing a temporary restraining order would be in the public interest.  <u>Winter</u>, 555 U.S. at 20. Congress created PACA to alleviate the burden created when purchasers of perishable agricultural commodities fail to make payments, and stated that the statute would "protect the public interest." 7 U.S.C. § 499e(c)(1).  Therefore, Plaintiff has shown that the balance of equities tips in its favor and that an injunction is in the public interest. <u>Winter</u>, 555 U.S. at 20.

### Conclusion and Order

For the reasons stated above, the Court grants Plaintiff's motion for a temporary restraining order.  Additionally:

1.  Defendants are ordered to show cause in writing why they should not be preliminarily enjoined from distributing PACA trust funds as set out in Plaintiff's application for a temporary restraining order.  Defendants must file a written response, if any, to this Order to Show Cause on or before July 31, 2015.  Plaintiff may file a reply to Defendants' response on or before August 7, 2015.  The Court schedules a preliminary injunction hearing for August 11, 2015 at 10:30 a.m. in Courtroom 15A.

2.  Pending the hearing on the Order to Show Cause, Defendants and their respective agents, attorneys, officers, assigns, and any other of their banking institutions must not pay, withdraw, transfer, assign, or sell any

and all existing PACA trust assets or otherwise dispose of corporate or personal assets to any creditors, persons, or entities until further order of the Court.

3.    Pending further order of the Court, no banking institution holding funds for any Defendant shall pay, transfer, or permit assignment or withdrawal of any existing PACA trust assets held on behalf of Defendants.  Further, pending further order of this Court, no banking institution holding funds for any Defendant shall pay, transfer, or permit assignment or withdrawal of the corporate or personal assets of any Defendants without this Court's express written consent.

4.    This Order is binding upon the parties to this action, their officers, agents, servants, employees, banks, attorneys, and all other persons or entities who receive actual notice of this Order by personal service or otherwise. In this regard, Defendants shall serve a copy of this Order on all financial institutions with which any of the Defendants does any business, may do business with, or who may be holding any PACA trust assets for or on behalf of any of the Defendants.

5.    Due to the nature of the issues in this action, the Court dispenses with the bond requirement contained in Federal Rule of Civil Procedure 65(c).

6.    This temporary restraining order is effective on the date and time of filing and remains in effect until the date and time of the hearing on preliminary injunction specified above.

//
//
//
//
//
//

1    7.    If Defendants pay Plaintiff the sum of $5,005.04, Plaintiff must
2          immediately file a document informing the Court of this fact so the
3          temporary restraining order can be dissolved and the hearing vacated.
4    **IT IS SO ORDERED.**
5    DATED: July 24, 2015

6                                          _____
7                                          MARILYN L. HUFF, District Judge
                                           UNITED STATES DISTRICT COURT