# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TQM FOOD SERVICES, INC., a California corporation,<br><br>                              Plaintiff,<br><br>v.<br><br>FREEDOM MARKET, INC., a California corporation doing business as Somos Tacos & Atomic Wings; SALEM SOMO, an individual; and FEDDWON SOMO, an individual,<br><br>                              Defendants. | Case No.:  3:15-cv-1600-H-DHB<br><br>**TEMPORARY RESTRAINING ORDER** |

Pursuant to the Court's November 23, 2015, order granting Plaintiff's motion to modify the temporary restraining order, the following temporary restraining order is in effect:

1.     Defendants and their respective agents, attorneys, officers, assigns, and any other of their banking institutions must not pay, withdraw, transfer, assign, or sell any and all existing PACA trust assets or otherwise dispose of corporate or personal assets to any creditors, persons, or entities until further order of the Court.

2.     Pending further order of the Court, no banking institution holding funds for any Defendant shall pay, transfer, or permit assignment or withdrawal of any existing

PACA trust assets held on behalf of Defendants.  Further, pending further order of this Court, no banking institution holding funds for any Defendant shall pay, transfer, or permit assignment or withdrawal of the corporate or personal assets of any Defendants without this Court's express written consent.

3. This order is binding upon the parties to this action, their officers, agents, servants, employees, banks, attorneys, and all other persons or entities who receive actual notice of this order by personal service or otherwise.  In this regard, Defendants shall serve a copy of this order on all financial institutions with which any of the Defendants does any business, may do business with, or who may be holding any PACA trust assets for or on behalf of any of the Defendants.

4. Rent payments of $2,250 that would otherwise be due to Defendants from David Ruiz will be directed to Plaintiff on December 1, 2015, or as soon thereafter as such payments would otherwise be due to Defendants.  Rent payments of $2,250 that would otherwise be due to Defendants from David Ruiz will be directed to Plaintiff on January 1, 2016, or as soon thereafter as such payments would otherwise be due to Defendants.  Rent payments of $1,500 that would otherwise be due to Defendants from David Ruiz will be directed to Plaintiff on February 1, 2016, or as soon thereafter as such payments would otherwise be due to Defendants.  The rent payments described in this paragraph are for David Ruiz's occupation of the premises where the debt that is the subject of this litigation arose.

5. Due to the nature of the issues in this action, the Court dispenses with the bond requirement contained in Federal Rule of Civil Procedure 65(c).

6. This temporary restraining order is effective on the date and time of filing and, based on the parties' consent as provided in their settlement agreement, remains in effect until Defendants have paid Plaintiff $6,000.  The $6,000 due to Plaintiff consists of $4,500 due pursuant to the parties' July 27, 2015, settlement agreement and $1,500 in attorney's fees due pursuant to the Court's November 23, 2015, order granting Plaintiff's motion to modify the temporary restraining order.

7. If Defendants pay Plaintiff the sum of $6,000, Plaintiff must immediately file a document informing the Court of this fact so the temporary restraining order can be dissolved or modified as appropriate.

**IT IS SO ORDERED.**

DATED: November 23, 2015

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT